E-FILED
Tuesday, 08 November, 2005  08:35:56 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

ANDRE R. LEWIS,                         CASE NO. 03-4055

  - V -                                 JUDGE MIHM

UNITED STATES OF AMERICA.

FILED
NOV - 7 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MOTION FOR RELIEF

FILED PURSUANT TO

RULE 60(b) OF THE FEDERAL

RULE OF CIVIL PROCEDURE

NOW COMES the Movant, Defendant, Andre Lewis, pro se, and files with this Honorable Court this Motion to re-open his 28 USC 2255 pursuant to Federal Rules of Civil Procedure. Movant moves this Court to set aside its order entered on January 20, 2004. In support thereof, Movant Lewis submits all of the following:

### GROUNDS FOR RELIEF

Extraodinary circumstances in this case exist, the judgement is void, prior judgement upon which it is based has been vacated or/and any other reason justifying relief from the operation of the judgement. Lewis also points out that there exists no other avenue to correct this Constitutional violation due to the enactment of the A.E.D.P.A.

Lewis is not challenging his conviction nor sentence and more importantly, Lewis will not go beyond the parameters that Congress has set forth pursuant to Federal Rules of Civil Procedure 60(b)(4), 60(b)(5), and 60(b)(6). Lewis is not trying to circumvent the A.E.D.P.A. and he prays that this Honorable Court exercises its judicial powers set out in Marbury v. Madison,[1/] to correct a miscarriage of justice and to restore Lewis his Constitutional rights in the interest of justice. Mr. Lewis is currently in Terre Haute Penitentiary serving a life sentence for conspiring to distribute and possess with intent to distribute 50 or more grams of cocaine base in violation of 21 USC 841(b)(A)(1) and 21 USC 846.

Mr. Lewis filed a timely 28 USC 2255 on August 11, 2003. In his motion he raised six grounds, all of which related to ineffective counsel. Lewis has appealed the denial of his 2255 by way of Certificate of Appealability, to be precise Lewis appealed in the District Court, Seventh Circuit, and the Supreme Court.

In this motion Lewis challenges the district court's order of the 2255, i.e., the integrity of the proceedings. Lewis is a pro se litigant and is without the assistance of effective counsel. He asks this Court to liberally construe his efforts to obtain relief pursuant to Haines v. Kerner, 404 US 712 (1972). This motion is not to be construed as a second and successive motion under 28 USC 2255.

A 2255 motion collaterlly attacks a conviction or sentence. A Rule 60(b) motion challenges the procedure of the judgement/order. The enactment of the A.E.D.P.A. in 1996 did not expressly circumscribe the operation of Rule 60(b). (By contrast, A.E.D.P.A. directly amended other provisions of Fed. Rules. See e.g., A.E.D.P.A.

FN 1/ Marbury v. Madison.

- 2 -

103, 110 Stat. 1218 (amending Fed Rule App. Pro. 22). The new habeas restrictions introduced by A.E.D.P.A. are made indirectly relevant, however, by the fact that Rule 60(b), like the rest of the Civil Rules, applies in habeas corpus. See Gonzales v. United States (U.S. Supreme Court, 04-6432 June 23, 2005). Throughout this motion Lewis may make mention of his denial of due process, but he will not directly challenge his sentence or conviction. There will be no new grounds raised in this motion.

Movant moves to reopen the following issues listed below. These issues are the same as listed in Lewis's 2255 motion;

> **Ground V of 2255 - Counsel unprofessionally failed to raise on direct appeal that the Trial Court erred by compelling Petitioner to keep trial counsel who possessed divergent and/ or conflicting interest. Appellant counsel was ineffective for failing to raise on direct appeal.**

On the issue above mentioned, Mr. Lewis raised the issue that his appellate attorney was ineffective for failing to raise on direct appeal, trial counsel's conflict of interest, which was objected to in the district court. Lewis contends that the district court inadvertently misconstsrued his argument, "conflict of interest," when in fact there was a conflict when his attorney (trial) deprived him of effective assistance of counsel due to the conflict of interest. The district court should have appointed Lewis a different attorney when it found out that Lewis's attorney wife worked time to time for the United States Attorney's office, which in

turn violated Lewis's right to effective counsel which is guaranteed by the Constitution. Criminal defendants are guaranteed effective assistance of counsel at all stages of the proceedings against them, Cates v. Superintendent, 981 F.2d 949, 952 (7th Cir. 1992) this right includes the right to "representation that is free from conflict of interest," Spreitzer, 114 F.3d at 1450, quoting Wood v. Georgia, 450 US 261, 271 (1981).

    Lewis avers that this Honorable Court inadvertently overlooked his issue on conflict of interest. Instead the Court construed the issue into an ineffective counsel claim. Lewis made mention in his 2255 that his counsel failed to develope a defense, review discovery with him, did not file the motions (Lewis) requested, and that he, Lewis, had "absolutely no confidence in counsel's representation." Lewis made mention of counsel's performance, but he did not make mention of counsel's performance to demonstrate an ineffective assistance of counsel claim. Rather, Lewis made mention of counsel's work ethics to support his issue of "conflict of interest," which was not raised on direct appeal and somehow was misconstrued by this Court in the 2255 proceedings.

    This is a bonafide 60(b) issue. Lewis is not attempting to raise a new claim, is not attacking the manner in which this court ruled on the merits of his claim, rather Lewis is attacking the integrity of the proceedings of the 28 USC 2255 by way of 60(b). Movant will not attempt to apply neither 1 of the 6 prongs that 60(b) outlines with its statute. Movant asks this Court to liberally construe this motion by applying Haines v. Kerner, 404 US___ 1972. Lewis also relies on Melton v. United States, 359 F.3d 855, 857 (7th 2004)..."the name makes no difference the substance controls."

Lewis asks this Court, if by chance this Court requires Lewis to perform at the standards of a licensed attorney. Lewis request that this Court allow him to apply one or more of 60(b) subsections before it rule. Moreover, Lewis will demonstrate below the following; that he is entitled to relief by way of 60(b) by attacking the integrity of the proceedings of the 28 USC 2255 and Lewis will present why he is entitled to reopen his habeas petition.

1.) There is no question that a conflict of interest existed between Lewis's trial counsel, i.e., his wife working for the prosecutor's office. This did take place, no one is denying this, not even the government. The district court addressed the matter but it was not reviewed on direct appeal.

2.) Lewis asked for new counsel on that ground in the district court and relied on counsel's lack of performance for his support.

3.) The objection was noted on the record and this court denied Lewis's cry for a conflict of interest free attorney.

4.) Lewis's appellate attorney was made aware of this issue and Lewis requested him to raise this issue. The request was denied and attorney did not raise this issue.

5.) Lewis raised the issue timely in his 2255 and ineffective appellate counsel satisfied cause for failing to raise on direct appeal.

6.) Lewis tried to present "adverse effects" of trial counsel's

failures and this court twisted "conflict of interest" into ineffective argument. The court's opinion is not concise on this issue, see 2255 order.

7.) Lewis does not have to demonstrate prejudice, prejudice is presumed, see Cuyler v. Sullivan, 466 U.S. 335 (1980), for Lewis to demonstrate that there is a reasonable probability the outcome would have been different if appellant attorney had done his job, the record speaks for itself. "Prejudice is presumed." See also United States v. Hall, 371 F.3d___(7th 2004) "Sullivan places a lighter burden on the defendant then Strickland (which the court mistakenly construed Lewis's claim into) because demonstrating on "adverse effect" is significantly easier then showing "prejudice" Spreitzer, 114 F.3d at 1450, Stoia 22 F.3d at 771. This more lenient standard applies because the requirements in Sullivan reflect that "prejudice is presumed" if the petitioner establishes both that his counsel had an actual conflict and that the conflict had an adverse effect on counsel's performance, Stoia 22 F.3d 770-71 (quoting Strickland, 466 U.S. at 692.

In the instant case, rather Lewis's 2255 demonstrated an "adverse effect" rather than the more strenuous burden of Strickland's prejudice, this court misconstruction and inadvertenance entitles Lewis to proceed by way of 60(b). Lewis's motion is brought in reasonable timing. Lewis's request for COA to the Supreme Court was denied April 25, 2005 (Case No. 04-9321).

In closing, Lewis reiterates that appellate counsel was ineffective and the grounds mentioned previously demonstrated that the conflict of interest was a claim that should have been raised

on direct appeal and by attorney failing to raise the issue deprived Lewis of effective counsel, which the 6th Amendment of the Constitution guarantees to all citizens. Lewis contends that his 2255 should have been granted and by the Court not addressing the merits of the claim, "conflict of interest," the Court deprived Lewis of "one full bite" of collateral attack that Congress guaranteed seg A.E.D.P.A. Lewis again points out that trial counsel's "adverse effects" are demonstrated thoughout his 2255 motion and the folliwing issues below will also demonstrate the conflict of interest test set forth in Sullivan.

Lewis'a above mentioned claim was not addressed on the merits rather it was misconstrued to ineffective assistance of trial counsel and appellate counsel. There existed a "conflict of interest" rather than a "conflict." Lewis points out that there is a defect in this Honorable Court's opinion and order, by the Court not addressing "his" claim on the merits he is entitled relief by 60(b).

Thank you,

*Andre Lewis*

Andre R. Lewis