### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDRE R. LEWIS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 03-4055 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## O R D E R

This matter is before the Court on Petitioner Andre Lewis' ("Lewis") Motion for Relief filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons that follow, Lewis' Motion is DISMISSED FOR LACK OF JURISDICTION.

### BACKGROUND

In September of 1999, Lewis was indicted on charges of conspiring to distribute and possess with intent to distribute 50 or more grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. On March 16, 2000, a jury found Lewis guilty as charged. He was sentenced to life in prison.

Lewis pursued an appeal to the Seventh Circuit Court of Appeals. On appeal, where he was represented by a different attorney, he challenged only his sentence, arguing that because jurors were not required to write a drug quantity on their verdict form, his prison term exceeded the maximum permitted. A conspiracy involving at least 50 grams of cocaine base carries a maximum term of life. 21 U.S.C. §§ 846, 841(b)(1)(A). The Court of Appeals affirmed, holding that the instructions adequately required the jury to find, beyond a reasonable doubt that the drug quantity involved was more than 50 grams.

On August 11, 2003, Lewis filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. In this motion, he raised six arguments, all of which related to the ineffective assistance of counsel. Lewis claimed that his trial counsel was ineffective because he (1) failed to object to the government's admission of a taped conversation between Lewis and Derrick Thomas, (2) failed to object when the Government was leading the witness during the in-court identification, (3) failed to request a "Buyer/Seller" instruction, (4) failed to request a cautionary instruction that membership in a gang is not a violation of the law, and (5) failed to object to the District Court's adoption of the pre-sentence report, which found the drug weight to be in excess of 50 grams. Lewis also claimed that his appellate counsel was ineffective due to his failure to argue on direct appeal that the trial court erred by forcing Lewis to keep trial counsel despite "divergent and/or conflicting interests."

This Court denied Lewis' § 2255 Motion on January 20, 2004. Lewis then moved for a certificate of appealability from this Court, which was denied on April 6, 2004. Lewis appealed the denial of the certificate of appealability to the Seventh Circuit and the Seventh Circuit affirmed this Court's decision on January 24, 2005. On November 7, 2005, Lewis filed the present Motion for Relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. In his Motion, Lewis argues that this Court should set aside its order denying his initial § 2255 Motion because this Court did not properly consider whether his trial counsel had a conflict of interest when the Court determined that Lewis was not entitled to relief under § 2255.

**DISCUSSION**

The Seventh Circuit has previously addressed the filing of a Rule 60(b) motion under analogous circumstances and unambiguously concluded that "a post-judgment motion under Fed. R. Civ. P. 60(b) in the district court . . . is a 'second or successive' application for purposes of § 2244(b)." <u>Burris v. Parke</u>, 130 F.3d 782, 783 (7 th Cir. 1997). Otherwise, the requirements and limitations imposed by the Antiterrorism and Effective Death Penalty Relief Act, would be ineffectual. <u>Id.</u>

Thus, under the clearly established law of this circuit, Lewis' Motion is nothing more than an attempt to avoid strictures of the procedural requirements of filing a second or successive motion under 28 U.S.C. § 2255. Accordingly, before this Court is able to consider Lewis' claims, he must obtain an order from the Seventh Circuit Court of Appeals authorizing its filing. He is not, therefore, entitled to relief in this Court at this time, and his motion is dismissed for lack of jurisdiction.

**CONCLUSION**

For the reasons set forth above, Lewis' Motion for Relief pursuant to Rule 60(b), which the Court construes as a successive collateral attack under 28 U.S.C. § 2255, is DISMISSED for lack of jurisdiction.

ENTERED this 23rd day of November, 2005.

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge